UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODRIGO RODRIGUEZ,

       Petitioner,

v.                              Case No. 06-C-1062

MATTHEW J. FRANK, Secretary,
Wisconsin Department of Corrections,

       Respondent.

**ORDER ON RULE 4 REVIEW**

On October 11, 2006, the petitioner, Rodrigo Rodriguez ("Rodriguez"), commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition, Rodriguez was sentenced to forty years imprisonment after being convicted of possession of cocaine with intent to deliver in the Milwaukee County Circuit Court on July 20, 2001.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

When I conduct the initial Rule 4 review of a habeas petition, one of the things I examine is whether, on the face of the petition, it appears to be timely filed. Habeas petitions challenging the

petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

> The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The face of Rodriguez's's petition indicates that he was convicted in the Milwaukee County Circuit Court on July 20, 2001, after a jury trial. According to his petition, he took no appeal from his judgment of conviction. However, nineteen months later, on February 27, 2003, Rodriguez filed a petition for a new trial pursuant to Wis. Stat. § 809.30. That petition was denied on July 28, 2003.

According to Rodriguez's habeas corpus petition, he appealed the denial of his petition for new trial (although no details regarding the date of such appeal are provided in his habeas corpus petition).

Furthermore, according to Rodriguez's habeas corpus petition, on January 9, 2006, he filed a federal habeas corpus petition which was withdrawn on July 17, 2006, "in order that the Petitioner could exhaust issues in the Wisconsin courts." (Pet. at 8.) Sometime prior to July 17, 2006 (Rodriguez's petition does not make clear quite when), Rodriguez filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals. The court of appeals denied that petition on June 13, 2006. On August 30, 2006, the Wisconsin Supreme Court denied Rodriguez's petition for review.

Based on all of the foregoing, the court is concerned that Rodriguez's federal petition for writ of habeas corpus may not have been timely filed. More precisely, the court is concerned that Rodriguez's conviction became "final" and that the one-year time limitation for filing a federal habeas corpus petition under 28 U.S.C. § 2244(d)(1) may have expired prior to October 11, 2006. Rule 4 states that when conducting the initial examination of a habeas petition, if the petition is not summarily dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Therefore, before the court orders the respondent to answer Rodriguez's petition, it will order the parties to submit briefs addressing only the issue of the timeliness of Rodriguez's federal habeas corpus petition.

**NOW THEREFORE IT IS ORDERED** that <u>on or before December 1, 2006</u>, the respondent shall file a brief addressing the timeliness of Rodriguez's federal habeas corpus petition;

**IT IS FURTHER ORDERED** that <u>on or before January 1, 2007</u>, the petitioner shall file a brief in response to the respondent's brief addressing the timeliness of his federal habeas corpus petition.

**SO ORDERED** this 17th day of October 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge